## THAL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9645.

Circuit Court of Appeals, Sixth Circuit.

June 3, 1944.

Murray Smith, of Dayton, Ohio, for petitioner.

S. Dee Hanson, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, Robert N. Anderson, and S. Dee Hanson, all of Washington, D. C., on the brief), for respondent.

Before ALLEN, HAMILTON, and MARTIN, Circuit Judges.

HAMILTON, Circuit Judge.

Petitioner during the year 1929 purchased an aggregate of 700 shares of the capital stock of the United Founders Corporation at a total cost of $39,900.98 for which, in a subsequent tax free exchange, he received 70 shares of the capital stock of the American General Corporation. In 1939, petitioner sold these shares for $259.-10, sustaining a loss of $39,641.88.

Pursuant to the provisions of Sections 23(g) (1) and (3), 111(a), 113(a) and 117 (a) (5) and (b) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, §§ 23(g) (1) and (3), 111(a), 113(a) and 117(a) (5) and (b), petitioner, in the determination of his income tax liability for the year ending December 31, 1939, claimed a long term capital loss of $19,820.94 on account of the above sale, which was the statutory amount allowable.

In 1924, petitioner organized, under the laws of Ohio, the Joseph Thal Company of Dayton, Ohio, a corporation, the stock of which company, with the exception of directors' qualifying shares, was issued to petitioner in exchange for property. Thereafter the corporation was dominated and controlled by petitioner who was its president, treasurer and active manager. The corporation carried on its books a personal account of the petitioner and charged to him therein various sums which the books showed he had borrowed from the company. At a special meeting of the Board of Directors of the company held September 19, 1933, petitioner offered to transfer to the company at his cost of $52,-107.50, certain securities owned by him, in part payment of his personal indebtedness. The offer was accepted and the account of the taxpayer was credited with $52,107.50 and the investment and securities account was charged by a journal entry with the same sum.

Another board meeting was held December 23, 1935, at which the petitioner offered to surrender to the corporation other securities at his cost of $44,631.25 in further payment on his indebtedness to the company. His offer was accepted and entries reflecting the transaction were made on the books of the corporation. Among the securities mentioned in the two transactions were 700 shares of United Founders stock.

At a special meeting of the Board of Directors held on December 14, 1936, petitioner offered to reacquire the United Founders stock from the corporation, which offer was accepted and entries were made on the books of the corporation reflecting this transaction by charging petitioner's personal account with a sum equal to the earlier credits and crediting investments and securities with the identical amounts. The securities were at no time transferred or delivered to the corporation but were kept by petitioner.

Based on the foregoing facts, respondent, Commissioner of Internal Revenue, on audit and review of petitioner's income tax return, held that petitioner had conveyed the 70 shares of American General Corporation stock to the Joseph Thal Company in 1933 and 1935 and had reacquired these shares in 1936, and that their cost to petitioner in 1936 was not in excess of the sum realized on the sale. The United States Tax Court sustained respondent, from which order this appeal is prosecuted.

The parties have confined the issue on this appeal to the single question of whether the book entries of the Thal Company are sufficient evidence to show that petitioner transferred all of his right, title and interest in the American General Corporation stock to the Thal Company.

Respondent takes the position that the question of whether petitioner transferred the stock to the Thal Company is one of fact and that this court is not a fact-finding body and that it cannot disturb the conclusion of the Tax Court. We, of course, agree that it is not our responsibility to weigh evidence or reasonable inferences to be drawn therefrom, but we may search the record to find whether there is any substantial evidence to support the findings of the Tax Court that as a matter of fact petitioner divested himself of title to the stock by reason of his transaction with his personally owned corporation.

It is fundamental that in determining whether there has been a sale or exchange of property, there must first be determined whether there was a bona fide transaction. The income tax statute deals with realities only, not with colorable subterfuge. We are called on to decide the legal character of the transaction between petitioner and the Thal Company and in determining this issue, it is proper to take into consideration all the evidence including entries made on the books of the corporation and the facts they purport to show together with the relationship of the parties. The written record of the transaction alone will sometimes give the true answer but at other times will furnish the wrong answer if what the parties actually do is not consonant therewith.

In the present case petitioner suggested to his corporation that he would deliver certain securities to it, and that his personal indebtedness to the corporation was to be reduced exactly by the cost of the securities to him. The securities which he promised to deliver to the company were at that time worth a great deal less than their cost to him. None of the securities were delivered or transferred to the corporation. Petitioner kept them and enjoyed all of the incidents of ownership.

No hard and fast rule can be laid down determining when an exchange or sale of personal property takes place giving rise to gain or loss. Primarily the issue must be determined by ascertaining the intent of the parties, found or inferred from their acts, deeds and relationship.

The transaction here cannot be compared to a conveyance to a third person for valuable consideration because it has none of the characteristics of such a transaction. Considered in the light of the facts, the conveyance was from petitioner to himself. The ownership of the securities was no more changed by what petitioner and the corporation did than if nothing had been done, as he remained the legal and substantial owner of the property after the entries were made on the books of the company. It is true that the taxing statutes under various circumstances recognize a duly formed incorporated company as an existing entity separate and apart from the individuals composing it, but this separate entity yields to actualities.

There is no reasonable probability that such corporate transactions as are shown in this case would result in loss or gain in the sense that the phrase is used in the Revenue Statutes. The taxing act was directed to the normal transactions in the business world unhampered by those relationships which do not result in bona fide transactions in property. The rule is made plain when it is remembered that if petitioner in the present case had sold for cash the 70 shares of American General Corporation stock to the Thal Company at a loss, he could not have claimed the loss as a deduction because of the relationship between him and the corporation. The sale would have lacked the characteristics of a bona fide transaction. Higgins v. Smith, 308 U.S. 473, 478, 60 S.Ct. 355, 84 L.Ed. 406.

There is no suggestion that petitioner's dealings with the Thal Company were for the purpose of tax avoidance. The entries made on the books of the corporation, nothing else appearing, do not support the Tax Court's decision that petitioner had transferred the shares of stock in question to the corporation. In determining petitioner's income tax liability as we view the law, the three transactions with the Thal Company should be ignored. The order of the Tax Court is reversed and the cause remanded for proceedings consistent with this opinion.